IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PHILADELPHIA INDEMNITY )
INSURANCE COMPANY, )
                              )
         Plaintiff,           )
                              )         1:15CV591
     v.                       )
                              )
AVA McKINNEY FRYAR,           )
                              )
         Defendant.           )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before this court is a Motion to Compel Arbitration and Stay Proceedings filed by Defendant Ava McKinney Fryar ("Defendant"). (Doc. 10.) Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff") has responded (Doc. 12), and Defendant has not filed a reply. This matter is now ripe for resolution, and for the reasons stated herein, Defendant's motion to compel arbitration and stay proceedings will be denied without prejudice.

**I.  BACKGROUND**

This suit arises out of an automobile accident that Defendant was involved in on September 29, 2011. (Complaint ("Compl.") (Doc. 1) ¶ 4.) The other vehicle involved in the accident was owned by Rachel Lowder Fite ("Fite") and driven by

Kasey Fite Turner ("Turner"). (Id.) The automobile liability policy that insured the vehicle owned by Fite and driven by Turner carried liability coverage in the amount of $50,000 per person. (Id. ¶ 5.) At the time of the accident, Defendant contends that she was employed by Triad Group, Inc. ("Triad") and was operating her personal vehicle within the course and scope of her employment with Triad. (Id. ¶ 4.)

After the accident, Defendant instigated a civil action against both Turner and Fite in Rowan County Civil Superior Court, File No. 14 CvS 1599, seeking damages for the accident.[1] (Id. ¶ 7.) On or about March 11, 2015, Allstate Insurance Company that wrote the policy covering Turner and Fite, tendered the $50,000 per person limits to Defendant in exchange for a covenant not to enforce judgment against Turner or Fite. (Id. ¶¶ 8-9.)

Defendant then claimed coverage under the Underinsured Motorist ("UIM") provision of the policy issued by Plaintiff to Defendant's employer, Triad, a claim that Plaintiff denied. (Id.

---

[1] Plaintiff was served notice of the Civil Summons and Complaint in the state court action on July 17, 2014, and filed an Answer on October 20, 2014 pursuant to N.C. Gen. Stat. 20-279.21(b)(4), which allows an underinsured motorist policy carrier to appear in and defend an action as an unnamed party defendant. (See Def.'s Mem. in Supp. of Mot. to Compel Arb. & Stay Proceedings ("Def.'s Mem.") (Doc. 11) at 2 & n.1; Ex. 7, Pl.'s State Court Answer (Doc. 11-7).)

¶¶ 10, 14.)  Defendant then made a written demand to arbitrate the policy dispute with Plaintiff. (See Def.'s Mem., Ex. 2, Letter Dated June 5, 2015 (Doc. 11-2).) Apparently unaware that Plaintiff had filed a Complaint and Request for Declaratory Judgment with this court on July 21, 2015, Defendant filed a motion to stay proceedings and compel arbitration in the state court action on July 23, 2015, in which Plaintiff was an unnamed party defendant. (See Def.'s Mem. (Doc. 11) at 2.) After being served in the instant action, Defendant filed a motion to voluntarily dismiss her state court action with prejudice on August 13, 2015, (id.), and filed the instant motion on September 11, 2015. (Doc. 10.)

## II. **ANALYSIS**

The issue of whether this court should stay the case and compel arbitration between the parties is governed by the Federal Arbitration Act ("the Act"), which provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct

- 3 -

the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. 9 U.S.C. §§ 3, 4.

The arbitration clause at issue here provides that:

> If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. <u>However, disputes concerning coverage under this endorsement may not be arbitrated.</u> The "insured" may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

(Def.'s Mem., Ex. 1, Insurance Contract ¶ E.4(a) (Doc. 11-1) at 4 (emphasis added).) The key question in this dispute is: "Is there a contract between these parties which commits the subject matter of this dispute to arbitration?" <u>N.C. League of Municipalities v. Clarendon Nat'l Ins. Co.</u>, 733 F. Supp. 1009, 1010 (E.D.N.C. 1990).

Plaintiff's primary contention is that there is no coverage for UIM liability under the insurance policy because Defendant was not driving a "covered auto" at the time of her accident, and thus, Defendant has no claim. (<u>See</u> Pl.'s Resp. to Def.'s Mot. (Doc. 12) at 3-4.) Defendant responds that whether or not there was coverage is not for this court to decide, because the

insurance contract contains an arbitration clause. (See Def.'s Mem. (Doc. 11) at 3-4).

The Federal Arbitration Act favors a liberal policy when determining the coverage of arbitration agreements. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). However, a court may submit to arbitration "'only those disputes . . . that the parties have agreed to submit.'" Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 302 (2010) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995)). The arbitration clause at issue here clearly states that "disputes concerning coverage . . . may not be arbitrated." (Def.'s Mem., Ex. 1, Insurance Contract (Doc. 11-1) at 4.)

As noted above, Plaintiff disputes that Defendant was covered under the UIM provision of the insurance contract. By the clear and unambiguous terms of the arbitration clause, the parties agreed not to arbitrate disputes over coverage. As such, this court is simply not empowered to compel arbitration on that issue. Further, whether or not Defendant will be able to arbitrate with Plaintiff the question of whether she is legally entitled to damages from Fite and Turner and the extent of those damages, (see id.), depends on whether or not this court finds

that Plaintiff is covered under the insurance contract in the first place.  As such, this court must make that determination before it can compel arbitration on those issues.

III. **CONCLUSION**

**IT IS THEREFORE ORDERED** that for the reasons stated above, Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. 10) is **DENIED.**

This the 1st day of March, 2016.

/s/ William L. Osteen, Jr.
United States District Judge